**United States District Court**
For the Northern District of California

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
PACIFIC BELL TELEPHONE
8   COMPANY,                                      No. C 03-01850 SI

9            Plaintiff,
        v.
10
THE PUBLIC UTILITIES COMMISSION
11  OF THE STATE OF CALIFORNIA, et al.,

12           Defendants.
                                            /
13
VERIZON CALIFORNIA, INC.,                         No. C 04-3092 SI
14
             Plaintiff,
15      v.

16  THE PUBLIC UTILITIES COMMISSION
    OF THE STATE OF CALIFORNIA, et al.,
17
             Defendants.
18                                          /

19
20      **ORDER RE: MCI'S MOTION FOR CLARIFICATION OR RECONSIDERATION**

21       Intervenors/Defendants MCI Worldcom Network Services, Inc. and MCIMetro Access

22  Transmission Services LLC ("MCI") have filed a "motion for clarification, or in the alternative,

23  reconsideration" in response to the Court's April 5, 2005 Order.  In that Order, the Court vacated the

24  CPUC's January 30, 2003 Decision ordering the unbundling of HFPL and remanded the issue to the

25  CPUC, in order to allow the CPUC to reach a decision that conforms with the Telecommunications Act

26  and FCC regulations.  MCI's motion does not address this aspect of the Court's Order.

27       The Court's Order also concerned pricing requirements implemented by the CPUC and

28  remanded to the CPUC "to adopt pricing requirements that comply with the TRO and refund any

**United States District Court**
For the Northern District of California

1   amount owed to plaintiffs as a result of the pricing requirements in conflict with the TRO."  MCI's

2   motion is limited to this aspect of the Court's Order addressing the pricing requirements.  Plaintiff SBC

3   California opposes MCI's motion.

4          In remanding to the CPUC, the Court did not determine whether the CPUC's pricing

5   requirements conflict with the TRO or other FCC regulations.  However, the Court did find that the

6   CPUC's January 30, 2003 Decision ordering the unbundling of HFPL was unlawful under the TRO and

7   vacated that Decision. In the unlikely event that the CPUC is able to lawfully determine on remand that

8   the HFPL should be unbundled, the unbundling would only apply prospectively.   In those

9   circumstances, the CPUC must adopt pricing requirements for the period between the effective date of

10  the TRO and the date of the valid CPUC unbundling Decision, during which HFPL was unlawfully

11  unbundled.  These requirements must comply with the TRO.

12         If the CPUC determines on remand that it cannot unbundle the HFPL, then it also must adopt

13  pricing requirements that comply with the TRO.

14         If the CPUC determines on remand that the proper pricing requirements for the HFPL exceed

15  the pricing requirements currently in place, then it should instruct the CLECs to refund the proper

16  amount owed to plaintiffs. The refund period should begin with the effective date of the TRO.   In

17  determining whether a refund, or "true-up," is necessary, the CPUC should take relevant interconnection

18  agreement provisions into consideration.

19         To the extent that the findings in the Court's Order differs from those proposed in defendant

20  MCI's motion, defendant's motion for reconsideration is DENIED.  The hearing set for June 24, 2005

21  is VACATED. [Docket # 129]

22

23         **IT IS SO ORDERED.**

24

25  Dated: June 22, 2005                                    S/Susan Illston
                                                           SUSAN ILLSTON
26                                                         United States District Judge

27

28

2